UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                        Chapter 11

JOSEPH F. EWA, M.D.P.C.,                                    Case No.  09-49095

                    Debtor.
-----------------------------------------------------------x


**ORDER AUTHORIZING THE DEBTOR TO SELL AND TRANSFER THAT CERTAIN PROPERTY KNOWN AS 747 FULTON STREET UNIT #2 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, WITH ALL SUCH LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE PROCEEDS OF SALE**


      Upon the application ("Application") of Joseph F. Ewa, M.D.P.C. (the "Debtor") of Inter-County Building Materials Corp. (the "Debtor") pursuant to Sections 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to sell to sell that certain property known as 747 Fulton Street, unit #2 (the "Property") to Success Home Developers, LLC (the "Purchaser"), as Jems LLC's designee, for the purchase price of $300,000, free and clear of all liens, claims and encumbrances, with all such liens, claims and encumbrances to attach to the proceeds of sale, as more fully set forth in the Application; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and due and adequate notice of the Application having been given under the particular circumstances herein; and the objections to the

Application, if any, have either been withdrawn or overruled, and upon the record of the hearing held on November 16, 2010, and upon the entire record of this case; and after due deliberation and good and sufficient cause appearing therefore; it is hereby FOUND AND DETERMINED THAT:

A.    The statutory predicates for the relief sought in the Application are sections 363(b), (f), and (m), and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004.

B.    Adequate and sufficient notice of the Application has been provided in accordance with 11 U.S.C. §§ 102(1), 363 and Fed. R. Bankr. P. 2002 and 6004, and such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Application is necessary or shall be required.

C.    The Debtor has demonstrated both: (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the sale of the Property.

D.    A reasonable opportunity to object or be heard with respect to the Application has been afforded to all interested persons and entities.

E.    The Agreement for the sale of the Property was negotiated, proposed and entered into by the parties without collusion, in good faith, and from arm's-length bargaining positions.

F.    The Purchaser is not an insider as that term is defined under section 101 of the Bankruptcy Code, and is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Debtor and the Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Agreement at any time on or after the entry of this Order.

G.      The purchase price for the Property is fair and reasonable and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

H.      The transfer of the Property will be a legal, valid and effective transfer of the Property, and will vest Purchaser with all right, title, and interest of the Debtor to the Property and with good, marketable and insurable title to the Property, free and clear of all interests, liens, claims and encumbrances of any kind (collectively, "Interests").

I.      The Debtor may sell the Property free and clear of all Interests because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of alleged liens, claims or encumbrances who did not object to the Application, are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).  The holders of Interests are adequately protected by having such Interests attach to the cash proceeds of the Agreement.

J.      The Debtor has demonstrated that it is an exercise of its sound business judgment to sell the Property to Purchaser, and that said sale is in the best interests of the Debtor, its estate, and its creditors.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

        1.      The Application is granted and the Debtor and the Purchaser are authorized to take any and all action to carry out the terms of this Order, to execute all documents including, but not limited to a deed, and to otherwise consummate the sale of the Property pursuant to the terms of this Order.

2. Pursuant to 11 U.S.C. § 363(b) and (f), upon consummation of the closing of the Agreement, the Property shall be transferred to Purchaser free and clear of all Interests of any kind or nature whatsoever; provided, however, with all such Interests to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Property.  Such Interests shall be deemed perfected in the net proceeds of sale without the need for any further actions or filings of U.C.C. statements or any other documents.

3. At closing, in order to satisfy the liens against the Property held by Jems LLC, Purchaser shall make payment directly to Jems LLC which payment shall be applied as a credit against the purchase price.

4. Except as otherwise specifically provided in this Order, all persons and entities, including, but not limited to, all creditors, holding claims or interests of any kind or nature whatsoever against or in the Debtor or the Property (whether legal or equitable, secured or  unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Property prior to the Closing, hereby are forever barred, estopped and permanently enjoined from asserting  such persons' or entities' claims or interests against Purchaser, its successors or assigns, its property, or the Property.

5. The consideration provided by Purchaser for the Property shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

6. This Order (a) shall be effective as a determination that, as of the Closing, all Interests of any kind or nature whatsoever existing as to the Debtor or the Property prior to the Closing shall attach to the net proceeds of the Agreement as provided in paragraph 2 above, and that the conveyance described herein has been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deed, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

7. If any person or entity that has filed financing statements, mortgages, mechanic's liens, assignment of rents, affidavit of foreign judgment, judgment lien, lis pendens, or other documents or agreements evidencing liens, claims or other interests in the Debtor or the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, claims or other interest which the person or entity has with respect to the Debtor or the Property or otherwise, then Purchaser is hereby authorized to file, register, or

otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Property of any kind or nature whatsoever.

8. All persons holding claims or interests against or in the Debtor or the Property of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting, or otherwise pursuing such claims against or interests of any kind or nature whatsoever against the Property with respect to any claims or interest of any kind or nature whatsoever such person or entity had, has, or may have against or in the Debtor, its estate, its members, or the Property.

9. This Court retains jurisdiction to enforce and implement the terms of this Order in all respects, including, but not limited to, retaining jurisdiction to (a) resolve any disputes arising under or related to the Order and (b) interpret, implement, and enforce the provisions of this Order.

10. The transactions contemplated by this Order are undertaken by Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Agreement shall not affect the validity of the sale to Purchaser unless such authorization is duly stayed pending such appeal. In the absence of a stay pending appeal, if Purchaser elects to close under the Agreement at any time after entry of this Order, then, with respect to the sale of the

Property, Purchaser is a purchaser in good faith and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

11.    The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Debtor's estate, the Debtor's creditors, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting claims against or interests in the Property to be sold to Purchaser pursuant to this Order, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which Debtor(s) such terms and provisions likewise shall be binding.

12.    This Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Fed. R. Bankr. P. 6004(g) is waived. Therefore, any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk their appeal being foreclosed as moot.

13.    The provisions of this Order are nonseverable and mutually dependent.



Dated: November 16, 2010  
       Brooklyn, New York

/s/ Joel B. Rosenthal  
**Joel B. Rosenthal**  
**United States Bankruptcy Judge**